MICHAEL J. HEYMAN
United States Attorney

DUSTIN M. GLAZIER
JOSHUA A. TRAINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Dustin.Glazier@usdoj.gov
Email: Josh.Traini@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEAN KASHIKOV,<br><br>                    Plaintiff,<br><br>   vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of The U.S. Department of Homeland Security; and TODD LYONS, in his official capacity as Acting Director of U.S. The Immigration and Customs Enforcement,<br><br>                    Defendants. | Case No. 3:25-cv-00081-HRH |

**STIPULATION RE: RE-ACTIVATION OF SEVIS RECORD AND DISMISSAL**

Plaintiff and Defendants hereby stipulate to the following:

1.  The Student and Exchange Visitor Information System ("SEVIS") record for

Plaintiff in this case has been set back to "active" by the Student and Exchange Visitor

Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2. The reactivation of Plaintiff's SEVIS record shall be considered retroactive to the date of its initial termination, such that there is no gap or lapse in the Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.

3. To the extent Plaintiff is participating in Optional Practical Training ("OPT"), or Science, Technology, Engineering and Math ("STEM") OPT, or Curricular Practical Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

4. ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate the Plaintiff's SEVIS record based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination or on any related prudential visa revocation that is effective upon departure (as set forth in Paragraph 5). However, ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

5. As stated in ICE's new policy, "if State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of

removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

6. The Department of State contacted Plaintiff to notify him that it had revoked his F-1 nonimmigrant visa on April 14, 2025. The Department of State's email does not indicate that Plaintiff's visa was revoked immediately, therefore it was revoked prudentially effective upon departure. As such, the revocation of Plaintiff's visa is not a basis for termination of the SEVIS record under the April 26, 2025 policy.

7. The termination and reactivation of Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8. To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of Plaintiff's SEVIS record, counsel for Defendant agrees to cooperate with Plaintiff's counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of Plaintiff's benefits request.

*Kashikov v. Noem et al.*  
Case No. 3:25-cv-00081 HRH

Page 3 of 4

Case 3:25-cv-00081-HRH    Document 23    Filed 05/16/25    Page 3 of 4

9. Defendants shall communicate this Stipulation to the Department of State. Plaintiff shall dismiss this action with prejudice. Nothing in this Stipulation and Order shall be construed as a waiver of Plaintiff's right to seek attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

EXECUTED BY:

Dated: May 16, 2025          MICHAEL J. HEYMAN
                             United States Attorney

                             /s/ Dustin M. Glazier
                             Assistant U.S. Attorney
                             *Attorney for Defendants*


Dated: May 16, 2025          NATIONS LAW GROUP

                             /s/ Nicolás A. Olano
                             Nations Law Group
                             *Attorney for Plaintiff*


**CERTIFICATE OF SERVICE**
I hereby certify that on May 16, 2025,
a copy of the foregoing was served electronically to:

Nicolás A. Olano,
Nations Law Group
*Attorney for Plaintiff*

Cindy Sue Woods
ACLU of Alaska Foundation
*Attorney for Plaintiff*

Natalie Cauley
ACLUS of Alaska
*Attorney for Plaintiff*

/s/ Dustin M. Glazier
Office of the U.S. Attorney