NICOLÁS A. OLANO (AK Bar #2105042)
nicolas@nationslawak.com
Nations Law Group
2525 Blueberry Road, Ste 207
Anchorage, AK 99503
907-770-0909

CINDY WOODS (NY Bar #5394226)
cwoods@acluak.org
NATALIE CAULEY (AK Bar #2405038)
ncauley@acluak.org
ACLU of Alaska Foundation
1057 W. Fireweed Lane, Ste 207
Anchorage, AK 99503
907-258-0044

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **JEAN KASHIKOV,** | |
|     Plaintiff, | |
| v. | Case No. 3:25-cv-00081-HRH |
| **KRISTI NOEM**, in her official capacity as Secretary of the U.S. Department of Homeland Security; and | **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER EAJA** |
| **TODD LYONS**, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement | |
|     Defendants. | |

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **1** of **22**

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 1 of 22

# TABLE OF CONTENTS

BACKGROUND AND PROCEDURAL HISTORY ..............................................3 − 5

ARGUMENT ......................................................................................5 − 10

    I. Plaintiffs Are Eligible and Prevailing Parties ......................................5 − 7

    II. Defendants' Position Was Not Substantially Justified .....................7 − 8

    III. Plaintiffs Seek Reasonable Fees .....................................................8 − 10

        A. Plaintiffs Claim a Reasonable Number of Hours .................8 − 10

    IV. Plaintiffs Are Entitled to Recover Out-Of-Pocket Costs .......................10

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **2** of **22**

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a former student at the University of Alaska at Anchorage, was notified by his Designated School Officer (DSO) that his Student and Exchange Visitor Information System (SEVIS) status had been terminated, without notice, by the Department of Homeland Security (DHS). Plaintiff, via the undersigned counsel, brought this suit to stop DHS from terminating his SEVIS status, detaining him due to said termination, and reinstate him into that same status to continue with his Optional Practical Training (OPT). *See* Dkt. 1 (APA Complaint for Declaratory and Injunctive Relief). This Court granted Plaintiff's temporary restraining order (TRO) at the first hearing, and did so for a second time on May 8, 2025. *See* Dkt. 11. (Order Granting Plaintiff's Motion for Temporary Restraining Order) This suit culminated in the drafting of a stipulated agreement which not only reinstated Plaintiff to his previous position but provided further protection in the future as to actions from DHS and the Department of State (DOS). *See* Dkt. 23 (Re-activation of SEVIS Record and Dismissal). As a result, Plaintiff is back in SEVIS status and may continue employment under the OPT program, as was sought upon filing of this action.

Plaintiff is entitled to attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412. First, Plaintiff is the prevailing party. For one, he obtained a TRO barring Defendants from terminating his SEVIS status and attempting his removal (deportation), detention, and the accrual of unlawful

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **3** of **22**

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 3 of 22

presence. *See* Dkt. 11. (Order Granting Plaintiff's Motion for Temporary Restraining Order)  Also, Plaintiff obtained an agreement, sanctioned by this Court.  The agreement included the full reinstatement of his SEVIS record, the continuity of his OPT eligibility, and the obligation to advise the Department of State (DOS) of said accord.  *See* Dkt. 23 (Re-activation of SEVIS Record and Dismissal) Second, Defendants cannot demonstrate that their litigation position was substantially justified.  After the filing of plaintiff's APA suit, TRO, and Permanent Injunction Request (PI), the government walked back its actions against Plaintiff by, among others, reinstating him into SEVIS status.  *See* Dkt. 23 (Re-activation of SEVIS Record and Dismissal).  These actions demonstrate that the Government's position lacked a legal basis and was not substantially justified in terminating Plaintiff's SEVIS status.   Third, the fees Plaintiffs seek are reasonable. Plaintiffs devoted considerable time to building the evidentiary record needed for a temporary restraining order, a preliminary injunction, and a complaint under the APA. *See* Dkt. 1, 2 This litigation also required research and understanding of immigration law as related to student visas, SEVIS status, and removal (deportation) under the Immigration and Nationality Act (INA).  Lastly, this litigation was brought forth to stop the administration from engaging in acts that violated Plaintiff's rights under both the Constitution and the INA.  *See* Dkt. 1. "[T]o deter unreasonable agency conduct," *Ibrahim v. U.S. Dep't of Homeland*

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **4** of **22**

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 4 of 22

*Sec.*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc), this Court should award Plaintiff's requested fees and costs.

## ARGUMENT

### I. Plaintiff Is an Eligible and Prevailing Party

Under the Equal Access to Justice Act (EAJA), a party may be eligible for attorneys' fees if they are "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). The statute authorizes courts to "award attorneys' fees to prevailing parties in civil actions against the United States, including actions for judicial review of agency action." *Thangaraja v. Gonzales*, 428 F.3d 870, 873 (9th Cir. 2005).

A plaintiff qualifies as a prevailing party where the litigation results in a "material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). Moreover, the alteration must be "enduring." *Sole v. Wyner*, 551 U.S. 74, 75 (2007). Most recently, the Supreme Court clarified that a plaintiff is a prevailing party when the court "conclusively resolved their claims by granting enduring judicial relief on the merits that materially altered the legal relationship between the parties." *Lackey v. Stinnie*, 604 U.S. ____ (Feb. 25, 2025); No. 23-621.

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **5** of 22

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 5 of 22

Here, the Plaintiff clearly qualifies as a prevailing party. The Court initially issued a Temporary Restraining Order (TRO) with the consent of Defendants for a two-week period. *See* Dkt. 11. (Order Granting Plaintiff's Motion for Temporary Restraining Order). On May 8, 2025, the Court extended that TRO for an additional fourteen days. *See* Dkt. 17. (Extension of TRO). Ultimately, the parties entered into a judicially sanctioned agreement that resolved the litigation. *See* Dkt. 23 (Re-activation of SEVIS Record and Dismissal)

The stipulated agreement permanently reinstated Mr. Kashikov's SEVIS record retroactively to the date of its original termination. The agreement also preserved his immigration status, eliminated any eligibility gaps, and provided durable protection against adverse immigration consequences. Further, the agreement obliged Defendants not to terminate the SEVIS record based on the same issues that led to litigation and that neither the termination nor the subsequent reactivation would prejudice future immigration benefit adjudications by Plaintiff. Lastly, Defendants agree to communicate this outcome to United States Citizenship and Immigration Services (USCIS) and the DOS. *Id.*

From the foregoing, it is evident that the three EAJA prongs outlined above are satisfied here. One, the agreement adopted by the court resulted in a material change in the legal relationship between the parties, consistent with *Buckhannon*. Two, the change is enduring, as required under *Sole*. Three, the

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **6** of **22**

agreement obtained was directly tied to this litigation and would not have occurred but for the suit—satisfying the standard articulated in *Lackey*. For these reasons, the Plaintiff is a prevailing party amenable to receiving EAJA fees.

## II. Defendants' Position Was Not Substantially Justified

Defendants' litigating position was not substantially justified, as evidenced by their course reversal regarding Plaintiff — including the reinstatement of Plaintiff's previously terminated SEVIS account and agreement to provide safeguards, in writing, protecting his status. *See* Dkt. 23 (Re-activation of SEVIS Record and Dismissal) Where a "a movant under the EAJA has established that it is a prevailing party, 'the burden is on the government to show that its litigation position was substantially justified on the law and the facts.'" *Ibrahim*, 912 F.3d at 1167 (quoting *Cinciarelli v. Reagan*, 729 F.2d 801, 806 (D.C. Cir. 1984)); *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988) ("By providing that courts 'shall' award attorneys' fees to prevailing parties, EAJA creates a presumption that fees will be awarded unless the government's position was substantially justified."). *See also* H.R. Rep. No. 96-1418, 96th Cong., 2d Sess. 10, 13-14 (1980) ("[T]he strong deterrents to contesting government action require that the burden of proof rest with the government.").

To carry their burden, *Defendants* must show their position had a reasonable basis both in law and in fact. *Pierce v. Underwood*, 487 U.S. 552, 566 n.20 (1988); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). "The

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page 7 of **22**

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 7 of 22

test is an inclusive one; we consider whether the government's position 'as a whole' has 'a reasonable basis in both law and fact.'" *Ibrahim*, 912 F.3d at 1168 (quoting *Gutierrez*, 274 F.3d at 1258). The Defendant's actions taken as a whole – the improper termination of the Plaintiff's SEVIS account and subsequently conceding to Plaintiff's requests — make it impossible to show their position was reasonable either in law or in fact.

## III. Plaintiff Seeks Reasonable Fees

To calculate an award of attorneys' fees, the Court begins with the "lodestar," the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The "resulting product is *presumed* to be the reasonable fee to which counsel is entitled." *Pa. v. Del. Valley Citizens Counsel for Clean Air*, 478 U.S. 546, 564 (1986) (internal quotation marks omitted). Here, Plaintiffs have submitted a summary of the hours and rates for which compensation is requested. *See* Olano, Woods, Cauley Timesheet. Ex. B. The total award sought is $35,686.19 at a rate of $251.84/hour.

## A. Plaintiffs Claim a Reasonable Number of Hours

Plaintiff seeks compensation for all the hours their attorneys worked on this matter. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation, and indeed, in some cases of exceptional

*Kashikov v. Noem*. 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **8** of 22
Case 3:25-cv-00081-HRH     Document 25     Filed 06/18/25     Page 8 of 22

success an enhanced award may be justified." *Hensley v. Eckerhart*, 461 U.S., 424, 435 (1983). The "resulting product is *presumed* to be the reasonable fee to which counsel is entitled." *Pa. v. Del. Valley Citizens Counsel for Clean Air*, 478 U.S. 546, 564 (1986) (internal quotation marks omitted). Plaintiffs' counsel devoted a reasonable number of hours to this case, ultimately winning protection for Plaintiff.

Counsel for Plaintiff undertook comprehensive legal work that resulted in a successful resolution of the case and permanent relief for Plaintiff. *See* Exhibit A-1, B-1, and C-1 (Time sheets for Olano, Woods, and Cauley) Counsel investigated and developed the legal claims, prepared and filed the federal complaint, and moved for a temporary restraining order to prevent imminent harm to Plaintiff. *See* Ex. A-1, B-1, and C-1 (Time sheets for Olano, Woods, and Cauley). Counsel engaged in strategic negotiations with government counsel that led to a final agreement specifically tailored to Mr. Kashikov's circumstances, including the full reinstatement of his SEVIS record and preservation of his Optional Practical Training (OPT) eligibility—the core relief sought in the litigation. *See* Dkt. 1 and 23. Counsel also monitored evolving agency policy changes triggered by the lawsuit to ensure Plaintiff's individualized protection was not undermined. *See* Ex. A-1 and B-1 (Time sheets for Olano and Woods). Throughout the proceedings, counsel drafted pleadings, coordinated with co-counsel, communicated regularly with Plaintiff, and ensured compliance with all court requirements, directly

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **9** of 22

facilitating a permanent and favorable outcome. *See* Ex. A-1,-B-1, and B-2. The result for Plaintiff was an excellent one for purposes of *Hensley v. Eckerhart*, 461 U.S., 424 (1983). The agreement obtained by counsel leaves him in the same position, if not a better one, as he was going into this litigation, which was its sole purpose. In this light, the hours presented by counsel are reasonable.

## IV. Plaintiffs Are Entitled to Recover Out-Of-Pocket Costs

Plaintiffs seek $405.00 in litigation costs for the filing fee. *See* Ex. D (Mr. Kashikov's Assignment Fees to Counsel). EAJA contemplates that federal agencies may be responsible for expenses incurred. 28 U.S.C. 2412(d)(1)(A); 28 U.S.C. 1920 (costs include court fees, filing fees, fees for printing and copying, and fees for transcripts); *Oliveira v. United States*, 827 F.2d 735, 744 (Fed. Cir. 1987).

\* \* \*

For the foregoing reasons, Plaintiff respectfully requests that the Court award attorneys' fees in the amount of $35,686.1, and fees and costs in the amount of $405.00.

Respectfully submitted this 18th day of June 2025.

/s/ Nicolas Olano
Nicolas Olano (AK Bar # 2105042)
Nations Law Group

*Kashikov v. Noem*. 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **10** of **22**

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 10 of 22

2525 Blueberry Road, Ste 207
Anchorage, AK 99503
[nicolas@nationslawak.org](mailto:nicolas@nationslawak.org)
907-770-0909

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **11** of **22**

Case 3:25-cv-00081-HRH     Document 25     Filed 06/18/25     Page 11 of 22

**EXHIBIT A**

## DECLARATION OF NICOLAS A. OLANO IN SUPPORT OF MOTION FOR EAJA FEES

I, Nicolas A. Olano, hereby declare as follows:

1. I am the attorney of record for Plaintiff Jean Kashikov in this matter.

2. I am a licensed attorney in good standing, admitted to practice before this Court.

3. I have personal knowledge of the legal work performed by me in this case. All work reflected in the timesheet attached as Exhibit A was performed by me, and the time entries accurately reflect my billing records.

4. The total time spent on this matter from April 14, 2025, to May 19, 2025, is 39.4 hours.

5. The prevailing EAJA rate in the District of Alaska for the relevant period, based on CPI adjustments as recognized by the Ninth Circuit, is $251.84 per hour.

6. The total fee requested is $9,923.50, calculated as 39.4 hours multiplied by the $251.84 hourly rate.

7. All work performed was necessary and reasonable to obtain relief for the Plaintiff.

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **12** of **22**

Case 3:25-cv-00081-HRH     Document 25     Filed 06/18/25     Page 12 of 22

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of June 2025, in Anchorage, Alaska.

**/s/ Nicolas A. Olano**
Nicolas A. Olano, Esq.

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **13** of **22**

Case 3:25-cv-00081-HRH     Document 25     Filed 06/18/25     Page 13 of 22

**EXHIBIT A-1**
**Attorney Time Sheet – Nicolas A. Olano**
**Case:** Kashikov v. Noem, 3:25-cv-00081
**Billing Rate:** $251.84/hour

| Date | Task Description | Time |
|------|------------------|------|
| Apr. 14, 2025 | Reviewed intake summary from co-counsel; analyzed case posture under SEVIS regulations to advise on litigation framing. | 0.7 hr |
| Apr. 15, 2025 | Researched statutory implications of SEVIS termination under INA §214 to inform legal theory development. | 2.0 hrs |
| Apr. 17, 2025 | Reviewed client-prepared materials; provided legal analysis and case structuring guidance to co-counsel. | 1.5 hrs |
| Apr. 18, 2025 | Reviewed SEVIS evidence for legal sufficiency; consulted on case presentation and coordination with related litigation. | 2.3 hrs |
| Apr. 19, 2025 | Reviewed co-counsel's TRO draft; offered legal edits related to argumentation structure and SEVIS relief justification. | 1.6 hrs |
| Apr. 20, 2025 | Edited complaint and TRO motion with legal focus on claims theory refinement and accuracy. | 1.2 hrs |
| Apr. 21, 2025 | Reviewed complaint draft for accuracy and consistency with litigation goals. | 1.0 hr |
| Apr. 22, 2025 | Confirmed legal modifications to complaint and TRO after factual vetting by co-counsel. | 1.1 hrs |
| Apr. 23, 2025 | Reviewed service materials; confirmed legal completeness before filing.  Call with co-counsel on final edits to complaint and TRO. | 0.7 hr |
| Apr. 24, 2025 | Reviewed supplemental fillings on TRO based on nationwide litigation and modified litigation strategy with co-counsel accordingly. | 2.0 hrs |
| Apr. 25, 2025 | Researched SEVIS enforcement policy changes; strategized on effects to TRO order. | 2.7 hrs |
| Apr. 28, 2025 | Followed up with opposing counsel alongside co-counsel on SEVIS reinstatement. | 0.6 hrs |
| Apr. 29, 2025 | Researched SEVIS policy shifts; drafted legal strategy notes; conferred with co-counsel on case direction. | 2.3 hrs |
| Apr. 30, 2025 | Participated in legal strategy meeting focused on procedural tactics and SEVIS changes proposed by the administration and its impact on the litigation. | 2.5 hrs |
| May 1, 2025 | Continued research on legal impacts of policy updates on SEVIS reinstatement; worked on follow-up litigation posture | 1.1 hrs |

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **14** of **22**

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 14 of 22

| Date | Task Description | Time |
|------|-----------------|------|
| | with co-counsel, i.e., filing notice with Court on factual changes. | |
| May 6, 2025 | Reviewed draft update notice to the court; revised legal justifications for TRO continuation. | 1.5 hrs |
| May 7, 2025 | Reviewed language on TRO continuation with co-counsel. | 0.5 hrs |
| May 8, 2025 | Prepared for and attended TRO extension hearing with co-counsel. | 1.6 hrs |
| May 9, 2025 | Reviewed DOJ stipulation draft; evaluated implications and relayed recommendations to co-counsel. | 1.0 hr |
| May 12, 2025 | Reviewed stipulation updates; advised on final structuring to maximize client benefit. | 1.0 hr |
| May 13, 2025 | Reviewed revised stipulation; confirmed legal soundness and coordinated ACLU sign-off. | 1.0 hr |
| May 14, 2025 | Analyzed out-of-district F-1 litigation filings to advise team on argument adaptation. | 1.3 hrs |
| May 15, 2025 | Reviewed final stipulation; ensured compliance with requested relief; authorized submission. | 0.5 hr |
| May 16, 2025 | Communicated finalized stipulation to DOJ; confirmed completion. | 0.3 hr |

**Total Hours:** 39.4
**Total Fees:** $9,923.50

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **15** of **22**

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 15 of 22

EXHIBIT B

## DECLARATION OF CINDY WOODS IN SUPPORT OF MOTION FOR EAJA FEES

I, Cindy Woods, hereby declare as follows:

1. I am one of the attorneys of record for Plaintiff Jean Kashikov in this matter.

2. I am a licensed attorney in good standing, admitted to practice before this Court on a Pro Hac Vice basis.

3. I have personal knowledge of the legal work performed by me in this case. All work reflected in the timesheet attached as Exhibit B-1 was performed by me, and the time entries accurately reflect my contemporaneous billing records.

4. The total time spent on this matter from April 14, 2025, to May 19, 2025, is 83.8 hours.

5. The prevailing EAJA rate in the District of Alaska for the relevant period, based on CPI adjustments as recognized by the Ninth Circuit, is $251.84 per hour.

6. The total fee requested is $21,104.19, calculated as 83.8 hours multiplied by the $251.84 hourly rate.

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **16** of **22**

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 16 of 22

7. All work performed was necessary and reasonable to obtain relief for the Plaintiff.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of June 2025, in Anchorage, Alaska.

**/s/ Cindy Woods**
Cindy Woods, Esq.

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **17** of **22**

Case 3:25-cv-00081-HRH      Document 25      Filed 06/18/25      Page 17 of 22

**EXHIBIT B-1**
**Attorney Time Sheet – Cindy Woods**
**Case:** Kashikov v. Noem, 3:25-cv-00081
**Billing Rate:** $251.84/hour

| Date | Task Description | Time |
|------|-----------------|------|
| Apr. 14, 2025 | Conducted full client intake interview; documented F-1 status timeline and SEVIS history. | 0.5 hr |
| Apr. 15, 2025 | Conducted legal research on SEVIS termination grounds and policy background. | 1.2 hrs |
| Apr. 16, 2025 | Drafted client questionnaires to obtain affidavit-ready facts. | 1.3 hrs |
| Apr. 17, 2025 | Drafted client retainer agreement; continued policy-based research for complaint background. | 1.9 hrs |
| Apr. 18, 2025 | Finalized retainer with client; began preliminary draft of complaint and exhibits. | 6.2 hrs |
| Apr. 19, 2025 | Drafted complaint language focusing on SEVIS history narrative. | 3.3 hrs |
| Apr. 20, 2025 | Continued drafting initial complaint, motion for TRO, and motion for expedited consideration of TRO | 4.5 hrs |
| Apr. 21, 2025 | Continued drafting initial complaint and motion for TRO, compiled and reviewed exhibits; conferred with client on factual allegations. | 4.0 hrs |
| Apr. 22, 2025 | Incorporated three rounds of edits to complaint and motion for TRO, reviewed factual allegations with client, prepared pro hac vice motion. | 10.7 hrs |
| Apr. 23, 2025 | Finalized and filed complaint; coordinated client update and service packet preparation. | 9.2 hrs |
| Apr. 24, 2025 | Conducted research and prepared for oral arguments for TRO hearing; spoke with opposing counsel regarding service, drafted supplemental filings on irreparable harm and additional TRO grants in other litigation. | 12.8 hrs |
| Apr. 25, 2025 | Continued preparing for oral arguments; call with client and co-counsel regarding TRO hearing; research regarding new SEVIS policy announced; various phone calls with opposing counsel; drafted proposed TRO order; debriefed with client | 8.5 hrs |
| Apr. 26, 2025 | Researched service requirements under FRCP; ensured procedural compliance. | 1.2 hrs |
| Apr. 28, 2025 | Communicated with opposing counsel re: SEVIS restoration status. | 0.6 hr |

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **18** of **22**

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 18 of 22

| Date | Task Description | Time |
|------|-----------------|------|
| Apr. 29, 2025 | Reviewed and researched impact of new SEVIS policy on client; researched updates in other ongoing SEVIS litigation cases. | 4.8 hrs |
| Date | Task Description | Time |
| Apr. 30, 2025 | Participated in team strategy call; discussed service follow-ups with client. | 3.0 hrs |
| May 1, 2025 | Read through updates in various ongoing SEVIS litigation regarding the new policy; shared new policy with opposing counsel. | 2.7 hrs |
| May 12, 2025 | Reviewed filings from previous week, reviewed proposed stipulation; conferred with co-counsel and client. | 2.1 hrs |
| May 13, 2025 | Edited stipulation draft; proposed revisions; coordinated client approval. | 2.0 hrs |
| May 14, 2025 | Reviewed opposing counsel's opposition to TRO; conferred with co-counsel; and discussed final stipulation offer with client. | 2.8 hrs |
| May 16, 2025 | Finalized and filed stipulation with court. | 0.5 hr |

**Total Hours:** 83.8
**Total Fees:** $21,104.19

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **19** of **22**

Case 3:25-cv-00081-HRH     Document 25     Filed 06/18/25     Page 19 of 22

# EXHIBIT C

## DECLARATION OF NATALIE CAULEY IN SUPPORT OF MOTION FOR EAJA FEES

I, Natalie Cauley, hereby declare as follows:

1. I am one of the attorneys of record for Plaintiff Jean Kashikov in this matter.

2. I am a licensed attorney in good standing, admitted to practice before this Court.

3. I have personal knowledge of the legal work performed by me in this case. All work reflected in the timesheet attached as Exhibit C-1 was performed by me, and the time entries accurately reflect my contemporaneous billing records.

4. The total time spent on this matter from April 14, 2025, to May 19, 2025, is 18.5 hours.

5. The prevailing EAJA rate in the District of Alaska for the relevant period, based on CPI adjustments as recognized by the Ninth Circuit, is $251.84 per hour.

6. The total fee requested is $4,659, calculated as 18.5 hours multiplied by the $251.84 hourly rate.

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **20** of **22**

Case 3:25-cv-00081-HRH     Document 25     Filed 06/18/25     Page 20 of 22

7. All work performed was necessary and reasonable to obtain relief for the Plaintiff.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th of June, 2025, in Anchorage, Alaska.

**/s/ Natalie Cauley**
Natalie Cauley

*Kashikov v. Noem*. 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **21** of **22**

Case 3:25-cv-00081-HRH     Document 25     Filed 06/18/25     Page 21 of 22

**EXHIBIT C-1**
**Attorney Time Sheet – Natalie Cauley**
**Case:** Kashikov v. Noem, 3:25-cv-00081
**Billing Rate:** $251.84/hour

| Date | Task Description | Time |
|------|------------------|------|
| Apr. 25, 2025 | Assisted preparation of legal argument for TRO hearing; coordinated internal response strategy to SEVIS shift. | 2.4 hrs |
| Apr. 30, 2025 | Participated in litigation team strategy meeting; provided procedural recommendations; updated client. | 1.3 hrs |
| May 5, 2025 | Drafted notice of case developments; began preliminary injunction brief and legal argument outline. | 4.6 hrs |
| May 6, 2025 | Prepared oral argument strategy for TRO status conference. | 3.2 hrs |
| May 7, 2025 | Finalized case notice and motion package; compiled and reviewed exhibits. | 4.2 hrs |
| May 8, 2025 | Prepared for, attended and supported TRO hearing presentation. | 2.8 hrs |

**Total Hours:** 18.5
**Total Fees:** $4,659.4

*Kashikov v. Noem.* 3:25-cv-00081-HRH
Plaintiff's Motion for Attorney's Fees Under EAJA
Page **22** of **22**

Case 3:25-cv-00081-HRH    Document 25    Filed 06/18/25    Page 22 of 22